[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: OBJECTION TO INTERROGATORIES
The court having reviewed the defendant's objections to the plaintiff's interrogatories, enters the following orders:
 1. The defendant's objection to interrogatory # 3 is OVERRULED. The defendant is to identify all income received by Uni-Source from December 1, 1992 to November 20, 1996, arising from the sale of Herman Miller style base components, Herman Miller and Haworth compatible electrical components, task lighting products and telecommunications products whether supplied by the plaintiff or other supplies or manufacturers.
 2. The defendant's objection to interrogatory # 4 is OVERRULED. The defendant is to identify all documents that concern, relate, or refer to all income received by Uni-Source from December 1, 1995 to November 20, 1996, arising from the sale of CT Page 12465 Herman Miller style base components, Herman Miller and Haworth compatible electrical components, task lighting products and telecommunications products whether supplied by the plaintiff or other supplies or manufacturers.
 3. The defendant's objection to interrogatory # 5 is OVERRULED. The defendant is to identify each and every source of income received from by Uni-Source from December 1, 1992 to November 20, 1996, arising from the sale of Herman Miller style base components, Herman Miller and Haworth compatible electrical components, task lighting products and telecommunications products. The identification should include: (a) the identity of the source of income and (b) all documents that concern, relate or in any way refer tot he source of the income.
 4. The defendant's objection to interrogatory # 6 is OVERRULED.
 5. The defendant's objection to interrogatory # 7 is OVERRULED.
 6. The defendant's objection to interrogatory # 8 is OVERRULED.
 7. The defendant's objection to interrogatory # 9 is OVERRULED.
 8. The defendant's objection to interrogatory # 10 is OVERRULED. The defendant is to identify its net income from December 1, 1992 to November 20, 1996,
arising from the sale of Herman Miller style base components, Herman Miller and Haworth compatible electrical components, task lighting products and telecommunications products whether supplied by the plaintiff or other suppliers or manufacturers.
 9. The defendant's objection to interrogatory # 17 is OVERRULED to the extent that the defendant is to list the name, address and telephone number of each witness who can offer testimony to support the allegations of the first count of the counterclaim that the plaintiff solicited direct business from the specified market segment. The defendant is not CT Page 12466 required to disclose the substance of any such expected testimony. See Practice Book § 13-3.
 10. The defendant's objection to interrogatory # 20 is OVERRULED to the extent that the defendant is to list the name, address and telephone number of each witness who can offer testimony to support the allegations of paragraph two of the first count of the counterclaim that the plaintiff continued to make sales directly to members of the specified market segment. The defendant is not required to disclose the substance of any such expected testimony. See Practice Book § 13-3.
The Court
Grogins, J.